### EQUITABLE TRUST Co. *v.* CHRIST *et al.*

*(Circuit Court, W. D. Michigan, S. D. March 13, 1880.)*

FIXTURES—BREWERY—TUBS, VATS, AND CASKS.

   Tubs, vats, and casks, which are placed in a brewery with a design of permanent use therein, and which are too large to pass out through any existing opening, are part of the realty, and not fixtures.

In Equity. On order to show cause why defendants should not be enjoined from removing certain articles from a brewery purchased by complainant.

*Mr. Ferris,* for injunction.

*Mr. Rogers,* opposed.

WITHEY, J. Complainant bid in certain real estate under foreclosure sale on which was a brewery establishment. Before the decree of foreclosure was obtained, defendant Gustav Christ executed a bill of sale to defendant Leppig of certain property as personal, and not part of the freehold or fixtures, comprising, among others, the following: Two large vats or tubs in cellar, one cask in cellar, one mash-tub, one water-tank, two fermenting tubs, one large force-pump, one copper cooler, one wooden cooler, one small force-pump, copper conductors, and a bar counter. There were other articles, but, as I regard them, they were

personal effects belonging to one of defendant Christs, or to Leppig, as the case may be, possessing none of the characteristics of fixtures, and may be regarded as not covered by the order in this case.

Where the tubs, vats, and casks are too large to pass out of the building through any opening existing, and these and the other articles I have mentioned are placed in the building with the design of permanent use therein, my opinion is that such articles are fixtures, and pass with the building to the purchaser. If articles are essential to the use for which the building was erected or designed, and are specially adapted to that place, and not as specially adapted elsewhere, they should be regarded as part of the freehold. Often a building is the mere incident for the use of machinery or utensils. The unity between machinery or other things and the building affords often a solution of the question of what passes as a fixture *Green* v. *Phillips*, 26 Grat. 752. Let an order be entered to restrain the removal of the articles enumerated in this opinion